**IT IS ORDERED as set forth below:**

**Date: September 22, 2026**

Susan D. Barrett

United States Bankruptcy Judge
Southern District of Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number 24-10575 |
| REGINA BEARD, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is the Chapter 13 Trustee's ("Trustee") Objection to Debtor's Claim of Exemptions ("Objection"). Dckt. Nos. 102, 112, 117. The Trustee and Regina Beard ("Debtor") filed post-hearing briefs. Dckt. Nos. 128, 129. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B). For the following reasons, the Trustee's Objection is SUSTAINED.

## UNDISPUTED FACTS

The following facts are undisputed:

1. Debtor was involved in a pre-petition motor vehicle collision on November 27, 2023. Dckt. No. 128, at 1.

2. Debtor settled the personal injury claim for $75,000.00. Dckt. No. 95 ¶ 4; Dckt. No. 128, at 1; Dckt. No. 129, at 1.

3. In accordance with the settlement approved by the Court, the proceeds remaining after deductions for attorney fees, expenses, and medical bills/liens existing at the time of the settlement are $26,806.32. Dckt. No. 95 ¶ 6; Dckt. No. 128, at 1; Dckt. No. 129, at 1.

4. On her amended Schedule C, Debtor claims the following exemptions in these remaining proceeds:

| | |
|---|---|
| $ 650.48 | O.C.G.A. §44-13-100(a)(6) |
| $10,000.00 | O.C.G.A. §44-13-100(a)(11)(D) |
| $16,155.84 | O.C.G.A. §44-13-100(a)(11)(D) pain and suffering and compensation for actual pecuniary loss based upon medical report assigning a 10 percent disability rating to the whole body with treatment for a herniated disc[.] |

Dckt. No. 120, at 4.

5. The Trustee only challenges Debtor's O.C.G.A. §44-13-100(a)(11)(D) exemption claim of $16,155.84. Dckt. No. 129, at 2.

6. At the hearing, Debtor's counsel proffered, without objection, that Debtor received treatment for a herniated disc and received a 10% Social Security disability rating due to this injury and that she has ongoing medical expenses related to this accident and associated injury. See Dckt. No. 128, at 1.

## CONCLUSIONS OF LAW

The sole issue is whether Debtor's claim of a $16,155.84 exemption under O.C.G.A. §44-13-100(a)(11)(D) is allowed when she has already exempted $10,000.00 under the same exemption provision. The Trustee argues the total exemption allowed under

O.C.G.A. §44-13-100(a)(11)(D) is capped at $10,000.00, and therefore Debtor is not entitled to this additional O.C.G.A. §44-13-100(a)(11)(D) exemption claim. Dckt. No. 102, at 1; Dckt. No. 112, at 1; Dckt. No. 117, at 1; Dckt. No. 128, at 2. Conversely, Debtor claims her $16,155.84 exemption for pain and suffering and future medical expenses is excepted from the $10,000.00 cap found in O.C.G.A. §44-13-100(a)(11)(D). See Dckt. No. 120, at 4; Dckt. No. 128, at 6. Alternatively, Debtor argues her future medical expenses should be deducted from the gross settlement amount prior to consideration of the exemptions, similar to how outstanding medical expenses are treated when the settlement is approved. Dckt. No. 128, at 2–5. Finally, Debtor argues that her 10% Social Security Disability classification establishes that she has suffered a "future lost earning capacity" and therefore she is entitled to exempt this sum as "lost wages" under O.C.G.A. §44-13-100(a)(11)(D).[1] See Dckt. No. 95 ¶ 6; Dckt. No. 128, at 7. For the following reasons, the Court finds the maximum exemption allowable under O.C.G.A. §44-13-100(a)(11)(D) is $10,000.00 and sustains the Trustee's objection.

The filing of a bankruptcy petition creates a bankruptcy estate composed of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1); see also id. §1306(a). Under the Bankruptcy Code, a debtor is allowed to exempt certain property from her bankruptcy estate as part of her fresh start. See generally Rousey v. Jacoway, 544 U.S. 320, 325 (2005). Although the Bankruptcy Code provides federal exemptions, states may "opt out" of these federal exemptions and provide their own exemptions. See 11 U.S.C. §522(b)(2), (d). Georgia has opted out, and its exemptions are found in O.C.G.A. §44-13-100. See Silliman v. Cassell, 738 S.E.2d 606, 609 (Ga. 2013).

The parties acknowledge the Trustee has the burden of proof and persuasion to establish that Debtor's claim of exemption is not proper and that the standard of proof is by the preponderance of the

---

[1] Debtor has not claimed an O.C.G.A. §44-13-100(a)(11)(E) (loss of future earnings) exemption and at the hearing indicated such exemption was not available.

evidence. See Yerian v. Webber (In re Yerian), 927 F.3d 1223, 1227 (11th Cir. 2019); Fed. R. Bankr. P. 4003(c). Under this burden, the Trustee "must produce sufficient evidence to rebut the Debtor's claim of exemptions, which are presumptively valid." Wasden v. Nationwide Mut. Ins. Co. (In re Weaver), No. 04-40409, 04-4118, 2007 WL 7022205, at *2 (Bankr. S.D. Ga. July 25, 2006) (citations omitted). "The evidence produced by the [Trustee] may shift the burden of production to the debtor to produce unequivocal evidence that the exemption is proper, but the burden of persuasion always remains with the [Trustee]." In re Holt, 357 B.R. 917, 921 (Bankr. M.D. Ga. 2006) (quotations and footnotes omitted). Courts construe bankruptcy exemption statutes liberally in favor of debtors. Yerian, 927 F.3d at 1227.

The parties agree Debtor is only entitled to statutory exemptions allowed under Georgia law, focusing their arguments on the scope of O.C.G.A. §44-13-100(a)(11)(D) which allows a debtor to exempt "[a] payment, not to exceed $10,000.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor . . . ." O.C.G.A. §44-13-100(a)(11)(D). In this case, it is undisputed that Debtor was seriously injured in this accident and that she continues to suffer from these injuries. Even with this acknowledgement, the Court finds the Georgia Code caps the amount Debtor may exempt under O.C.G.A. §44-13-100(a)(11)(D) at $10,000.00. Debtor has exhausted this $10,000.00 exemption and is not entitled to exempt the additional $16,155.84 under O.C.G.A. §44-13-100(a)(11)(D) regardless of how the amount is classified. See In re Lowery, No. 05-13536-WHD, 2007 WL 7143067, at *4 (Bankr. N.D. Ga. Sept. 24, 2007) (debtor "may be entitled to exempt up to $10,000 of the proceeds pursuant to [O.C.G.A. §]44-13-100(a)(11)(D), depending on the severity of the injury") (emphasis added); In re Howard, 169 B.R. 77, 79 (Bankr. S.D. Ga. 1994) (the exemption is limited to $[10,000.00]);[2] Baxter v. Turner (In

---

2 The amount under the statute increased to $10,000.00 effective July 1, 2001. See H.B. 373, 146th Gen. Assemb., Reg. Sess. (Ga. 2001).

re Turner), No. 91-10825, 1992 WL 12004368, at *2 (Bankr. S.D. Ga. Jan. 29, 1992) (Dalis, J.) ("O.C.G.A. §44-13-100[(a)](11)(D) expressly provides that 'property that is traceable to' a payment for personal bodily injury is exempt, limited to [$10,000.00].");[3] In re Geis, 66 B.R. 563, 565 (Bankr. N.D. Ga. 1986) ("It thus appears clear that the maximum amount which the debtor in this case could claim as exempt under O.C.G.A. §44-13-100(a)(11)(D) is $[10,000.00].").[4]

Settlement agreements frequently fail to clearly allocate damage awards consistent with the language of the exemption statutes. Because of this, at times courts have struggled to distinguish between pain and suffering and bodily harm when reviewing exemption claims.[5] However, in the

---

3 See supra note 2.

4 See supra note 2.

5 See generally In re Lowery, 2007 WL 7143067, at *3 ("Under subsection 100(a)(11)(D), a debtor may not exempt the portion of his claim which represents his actual pecuniary loss resulting from medical bills and property damage.") (quotations and citation omitted); In re Weaver, 2007 WL 7022205, at *3 ("[P]ain and suffering . . . may not be exempted by O.C.G.A. §44-13-100(a)(11)(D)."); In re Howard, 169 B.R. at 79–80 (O.C.G.A. §44-13-100(a)(11)(D) exemptions are limited to bodily injury, excluding actual pecuniary loss, pain and suffering, medical expenses, and loss of earnings); In re Geis, 66 B.R. at 564 ("[A] debtor may not exempt the portion of his claim which represents his actual pecuniary loss (in the form of medical expenses).").

This analysis is consistent with cases interpreting the federal bankruptcy exemption set forth in 11 U.S.C. §522(d)(11)(D) which contains the same language as O.C.G.A. §44-13-100(a)(11)(D), other than the exemption amount. See In re Geis, 66 B.R at 564; In re Wright, No. 2:09-BK-73095, 2009 WL 3431592, at *2 (Bankr. W.D. Ark. Oct. 21, 2009) ("Section [] 522(d)(11)(D) was 'designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings.") (citations omitted); In re David, No. 04-166, 2004 Bankr. LEXIS 2245, at *5–6 (Bankr. D.D.C. Sept. 8, 2004) (federal exemption "designed to cover payments in compensation for actual bodily injury, such as the loss of limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings") (citing H.R. Rep. 95-595, at 362 (1977), as reprinted in 1978 U.S.C.C.A.N. 5693, 6318; cf. Ford Motor Credit Co. v. Territo (In re Territo), 36 B.R. 667, 670 (Bankr. E.D.N.Y. 1984) ("If read literally it could be reasonably concluded from the plain language of [§522(d)(11)(D)] that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left," but concluding exemption was allowed where settlement was

current case, since the statutory maximum has been exempted, the Court need not struggle with this issue. Debtor has exhausted her $10,000.00 O.C.G.A. §44-13-100(a)(11)(D) exemption and may not claim an additional $16,155.84 exemption under this section.

Debtor relies on the Weaver case, but the Weaver case did not involve multiple O.C.G.A. §44-13-100(a)(11)(D) exemption claims in excess of the $10,000.00 cap. In re Weaver, 2007 WL 7022205, at *2. Rather, in Weaver, the debtor stacked a $10,000.00 O.C.G.A. §44-13-100(a)(11)(D) (bodily injury) exemption with a O.C.G.A. §44-13-100(a)(11)(E) (loss of future earnings) exemption and a O.C.G.A. §44-13-100(a)(6) (wildcard) exemption. Id. at *1–3; see also In re Geis, 66 B.R. at 565 (involving O.C.G.A. §44-13-100(a)(11)(D) and (E) as well as O.C.G.A. §44-13-100(a)(2)); In re Howard, 169 B.R. at 79–81 (involving stacking O.C.G.A. §44-13-100(a)(6), (a)(11)(D), and (a)(11)(E) exemptions). Debtors may "stack" exemptions using different sections of the Georgia exemption statute, but the maximum amount of exemption permitted under O.C.G.A. §44-13-100(a)(11)(D) is $10,000.00.

In the current case, Debtor asserts the Trustee failed to demonstrate what portion of her settlement proceeds is not exemptible. However, the Court finds the Trustee satisfied her burden of proof by pointing to Debtor's own exemption claims on Schedule C, where she claims $26,155.84[6] as exempt under O.C.G.A. 44-13-100(a)(11)(D). See Dckt. No. 120, at 4; Dckt. No. 129, at 2–3, 5–6. Debtor's schedules are signed under penalty of perjury and show her classification of these exemption claims. See, e.g., Dckt. No. 120, at 2. This leaves a simple mathematical determination of the proper

---

paid on account of actual bodily injury (even if settlement under state law was limited to "pain and suffering") and injury was extensive enough to account for all of the money received less property damage).

[6] On her Schedule C, Debtor claims two O.C.G.A. §44-13-100(a)(11)(D) exemptions—$10,000.00 without description and an additional $16,155.84 for "pain and suffering and compensation for actual pecuniary loss based upon medical report assigning a 10 percent disability rating to the whole body with treatment for a herniated disc." See Dckt. No. 120, at 4.

exemption amount. For these reasons, the Court finds the Trustee has met her burden of production and persuasion on this issue. See In re Holt, 357 B.R. at 921.

Alternatively, Debtor contends since "[m]edical bills and expenses have always been discounted from a debtor's net settlement," she should be allowed to deduct her future medical expenses from the net settlement proceeds in the same manner. Dckt. No. 128, at 4. The Trustee disagrees and argues existing medical bills are deducted from the gross settlement proceeds because they constitute liens against the cause of action and proceeds. See Dckt. No. 129, at 5; see generally O.C.G.A. §44-14-470(a)–(b) ("The lien provided for in this subsection is only a lien against such causes of action and shall not be a lien against such injured person, such legal representative, or any other property or assets of such persons and shall not be evidence of such person's failure to pay a debt."). The Court agrees with the Trustee and concludes these future medical expenses are not deducted from the gross settlement proceeds for exemption purposes.

For these reasons, the Trustee's Objection to Debtor's exemption is ORDERED SUSTAINED and Debtor's $16,155.84 claim of exemption under O.C.G.A. §44-13-100(a)(11)(D) is ORDERED DISALLOWED. Debtor's counsel is ORDERED to tender this $16,155.84 to the Trustee within thirty (30) days of this Opinion and Order becoming a final order or (if appropriate) file amended exemption claims.

**[END OF DOCUMENT]**